IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK DAVIS GEGENHEIMER, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:17-CR-0433-TCB-RGV-2 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:19-CV-3080-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Patrick Davis Gegenheimer's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 40], and the government's responses, [Docs. 42, 45]. For the reasons that follow, it is **RECOMMENDED** that Gegenheimer's § 2255 motion be **STRICKEN** pursuant to Federal Rule of Civil Procedure 11(a) and, alternatively, **DISMISSED WITHOUT PREJUDICE** because Gegenheimer has failed to plead any facts in support of his grounds for relief.

### I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a two-count indictment against Gegenheimer charging him in Count One with attempted

carjacking, in violation of 18 U.S.C. §§ 2119 and 2, and in Count Two with discharging a firearm during the attempted carjacking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2. [Doc. 2]. Represented by retained counsel W. Michael Maloof, Jr., Gegenheimer pled guilty to Count Two, pursuant to a negotiated plea agreement in which the government agreed to dismiss Count One and recommend that Gegenheimer receive full credit for his acceptance of responsibility and be sentenced at the low end of his United States Sentencing Guidelines range. [Doc. 29]. The plea agreement included a limited waiver of appeal, which provided that Gegenheimer:

> voluntarily and expressly waives (1) the right to appeal his conviction and sentence and (2) the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including habeas corpus petitions filed under Title 28, United States Code, Section 2255) on any ground, except that [he] may file a direct appeal of an upward departure or upward variance above the Guideline range calculated by the Court. Claims that [his] counsel rendered constitutionally ineffective assistance are excepted from this waiver.

[Doc. 29-1 at 12]. Gegenheimer signed the plea agreement and a separate certification section, which stated, in relevant part:

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me,

> with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 13-14].

At the plea hearing, Gegenheimer was placed under oath, confirmed that he had signed the plea agreement, and acknowledged that he was required to answer the Court's questions truthfully subject to the penalty of perjury. [Doc. 43 at 2-3]. The Court explained the rights Gegenheimer was giving up by pleading guilty, including his rights to plead not guilty and to proceed to trial, to the assistance of an attorney at trial, to cross-examine government witnesses, to testify or not to testify, to present evidence, and to subpoena witnesses and compel their attendance at trial. [Id. at 3-4]. Gegenheimer confirmed that he understood those rights and that he was waiving them by pleading guilty. [Id. at 4].

Gegenheimer also understood that he was pleading guilty to using, possessing, brandishing, and discharging a firearm in connection or in relation to the attempted carjacking and that he faced a mandatory minimum sentence of ten years of imprisonment and a possible maximum sentence of life imprisonment. [Id. at 4-5]. The Court then explained that it would consider the United States Sentencing Guidelines in determining a reasonable sentence but was not required

3

to impose a sentence within the guideline range and that Gegenheimer could not withdraw his guilty plea if the Court sentenced him above that range, and Gegenheimer affirmed that he understood. [Id. at 5-6]. Next, the Court reviewed the contents and consequences of the appeal waiver contained in the plea agreement, and Gegenheimer confirmed that he understood. [Id. at 6-7].

Gegenheimer acknowledged that he was entering the plea freely and voluntarily and that it was not the result of force, threats, or promises not contained in the plea agreement. [Id. at 7]. Gegenheimer further understood that he could not withdraw his plea if the Court did not accept the government's sentencing recommendations. [Id. at 8]. The government then summarized what the evidence would show if the case went to trial and stated that "attempted carjacking is a crime of violence for purposes of section 924(c)." [Id. at 8-10]. Gegenheimer affirmed that he agreed with the government's description and that he was guilty of the crime described in Count Two. [Id. at 10]. The Court accepted Gegenheimer's plea. [Id.].

At sentencing, Gegenheimer confirmed that he had read his presentence investigation report ("PSR"), and the Court adopted the PSR's findings, explaining that "[t]he discharge of a firearm during a crime of violence . . . carrie[d] with it a mandatory minimum term of ten years," which was the low end of the guidelines range. [Doc. 44 at 2]. The parties agreed, and the Court imposed the jointly

4

recommended sentence of ten years of imprisonment.  [Id. at 2-4; Doc. 39]. Gegenheimer did not file a direct appeal.

Gegenheimer timely filed an unsigned § 2255 motion, asserting that: (1) he received ineffective assistance of counsel because (a) "counsel to plea[d] guilty to the § 924(c) but not a crime of violence constitutes a vague plea of guilty," (b) "plea counsel failed to note an appeal in violation of movant['s] right to appeal an illegal sentence," (c) "counsel['s] advice to plea[d] guilty without the crime of violence," and (d) "counsel failed to challenge the waiver based on a pending Supreme Court decision fareshadowing [sic] the definition on a crime of violence under the Supreme Court's decision Davis v. United States"; and (2) sentencing errors occurred in that (a) "counsel did not explain what a crime of violence is under the pending Supreme Court decision Dean v. United States, in respect that movant could not receive a sentence of 1 day crime of violence and seven years on the car jacking offense," and (b) "counsel [knew] or should have known that an appeal was necessary in order to raise a[n] argument that is at this time not retroactive[ w]here the sentence under the statutory mandatory minimum did not advise that the statute under § 924(c) does not receive good time." [Doc. 40 at 4-6, 8].  The government responds that this case should be dismissed because Gegenheimer did not allege any facts supporting his claims and because he did not sign the motion.  [Doc. 42

5

at 4-6, n.2]. The government also attempts to "tease out" Gegenheimer's grounds for relief and argues that he has failed to state a claim. [Id. at 6-25; Doc. 45].

## II.  DISCUSSION

Federal Rule of Civil Procedure 11(a) provides, in pertinent part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.

Fed. R. Civ. P. 11(a). Gegenheimer did not sign his § 2255 motion, [Doc. 40 at 12], and, although the government pointed out his failure to do so in its response, [Doc. 42 at 6, n.2], Gegenheimer has not corrected this omission. Accordingly, it is **RECOMMENDED** that Gegenheimer's § 2255 motion, [Doc. 40], be **STRICKEN** pursuant to Rule 11(a).[1]

Furthermore, "a § 2255 movant 'bears the burden to prove the claims in his § 2255 motion,'" Beeman v. United States, 871 F.3d 1215, 1222 (11th Cir. 2017) (citation omitted), and his allegations must be specific, not conclusory, Lynn v.

---

[1] To the extent further notice of Gegenheimer's failure to sign his § 2255 motion is required before striking it, this Report and Recommendation provides him notice that the Court must strike his unsigned motion unless the omission is promptly corrected when called to his attention.

United States, 365 F.3d 1225, 1239 (11th Cir. 2004) (per curiam).  Although "*[p]ro se* pleadings must be liberally construed, . . . the courts may not serve as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action."  Sec'y, Fla. Dep't of Corr. v. Baker, 406 F. App'x 416, 422 (11th Cir. 2010) (per curiam) (citation omitted).  Gegenheimer's motion contains conclusory statements without any supporting facts and is, therefore, due to be dismissed.  See Bartley v. United States, Nos. CV413-249, CR412-015, 2013 WL 6234694, at *1 (S.D. Ga. Dec. 2, 2013) ("[T]hose who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf." (citations omitted)), report and recommendation adopted, 2014 WL 1330672, at *1 (S.D. Ga. Mar. 28, 2014).[2]

---

[2] The government attempts to construe the claims that Gegenheimer may have intended to assert and addresses the merits of those construed claims, see [Doc. 45], but since Gegenheimer has not signed his motion or asserted any facts to support his claims, the Court does not reach the government's arguments regarding the merits of the construed claims, and notes that an evidentiary hearing likely would be required to address the merits of one or more of the construed claims, see Otero v. United States, 499 F.3d 1267, 1269 (11th Cir. 2007) (evidentiary hearing held to address ineffective assistance of counsel claims), yet "a district court need not hold a[n evidentiary] hearing if the allegations are . . . 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"  Winthrop–Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)); Barnes v. United States, No. 16-

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because the dismissal of Gegenheimer's § 2255 motion under Rule

---

62416-CIV-SCOLA, 2018 WL 2770171, at *31 (S.D. Fla. Mar. 28, 2018) ("This court is not required to hold evidentiary hearings on issues which are insufficiently pled, as bare and conclusory claims are subject to dismissal."  (citation omitted)), report and recommendation adopted, 2018 WL 2770125, at *1 (N.D. Fla. June 8, 2018).

8

11(a) and for failure to plead any supporting facts is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Gegenheimer's unsigned § 2255 motion, [Doc. 40], be **STRICKEN** pursuant to Rule 11(a) and **DISMISSED WITHOUT PREJUDICE** for failure to plead any supporting facts, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of October, 2019.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE